UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA OLSEN, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, et al., <br><br> Defendants. | Case No. 2:23-cv-02670-AB-JPR <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant Costco Wholesale Corporation's ("Defendant") Motion for Summary Judgment ("Motion," Dkt. No. 24). Plaintiff Martha Olsen ("Plaintiff") did not file an opposition. For the following reasons, the Motion is **GRANTED**.

**I. LOCAL RULE 7-3**

On January 8, 2024, the Court ordered Defendant to confirm if it complied with Local Rule 7-3 before filing its Motion for Summary Judgment. *See* Order (Dkt. No. 22). The Court advised Defendant to withdraw the Motion if it had not complied with Local Rule 7-3 and re-file the Motion within 14 days of the Order after meeting and conferring with Plaintiff as required. *Id.* Defendant withdrew the Motion and re-filed the Motion on January 22, 2024. (Dkt. Nos. 23-24.) Defendant represents that it was

1.

unable to meet and confer with Plaintiff within the required time frame regarding the Motion for Summary Judgment. *See* Flock Decl. (Dkt. No. 24-2). Defendant served a meet and confer letter on Plaintiff's counsel which set forth the grounds for the instant Motion, requested a conference of counsel pursuant to Local Rule 7-3, and provided the availability of Defendant's counsel. *See id.* However, Plaintiff's counsel did not respond to the correspondence. *See id.* Plaintiff also failed to file an opposition to the previous Motion and the instant Motion. The Court will not reward Plaintiff counsel's refusal to cooperate and exercises its discretion to consider the merits of the Motion.

## II.  BACKGROUND

Plaintiff asserts claims for negligence and premises liability for personal injury arising from her slip and fall accident at one of Defendant's warehouse stores. Defendant moves for summary judgment, or in the alternative, partial summary judgment, on the ground that it had neither actual nor constructive notice of the hazard that caused Plaintiff's slip and fall. In support of the Motion, Defendant submitted a Statement of Uncontroverted Facts ("SUF") and evidence, including a surveillance video of the incident, a Daily Floor-Walk/Safety Inspection form, and excerpts from Plaintiff's deposition.

On February 28, 2020,[1] Plaintiff slipped and fell at a Costco warehouse located in Santa Clarita, California. SUF ¶ 1 (Dkt. No. 24-6).[2] Plaintiff did not know what substance was on the floor, other than it was a liquid. *Id.* ¶ 2. Plaintiff did not see the substance on the floor before she slipped and does not know how the substance got onto the floor or how long it had been there before she slipped and fell. *Id.* ¶¶ 3-5. The incident was captured on surveillance footage. *Id.* ¶ 6. The incident occurred at approximately 11:34 a.m. near the store's checkout area. *Id.* ¶¶ 7-8. The surveillance

---

[1] The SUF and Motion both state that the incident occurred on February 28, 2022. This appears to be a typographical error.
[2] This Order refers to the first set of numbered facts in Defendant's Statement of Uncontroverted Facts. (Dkt. No. 24-6, at 2-6.)

2.

video is not clear enough (given the angle of the camera) to show how Plaintiff fell or whether there was liquid in the aisle where Plaintiff fell. (Dkt. No. 24-5.) The video shows: a busy checkout area, with lines entering the aisles; another customer pushing a cart near the checkout area in the same aisle as Plaintiff seconds before her; Plaintiff suddenly falling to the floor while walking in the aisle; a group of patrons assisting Plaintiff off the floor; store employees walking over to the area with paper towels and wiping the spill; and paramedics transporting Plaintiff away from the area. (*Id.*) Defendant has a policy of conducting and documenting floor walks of the warehouse every hour between opening and closing hours to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others. SUF ¶ 9. A store employee performed a safety inspection of the warehouse starting at 10:35 a.m. and ending at 10:50 a.m. and another inspection thereafter starting at 10:50 a.m. and ending at 11:20 a.m. *Id.* ¶ 11. The employee walked every aisle and area of the warehouse and did not observe any slipping hazards during her floor walk nor record any visible spills or slipping hazards on the Daily Floor-Walk/Safety Inspection form dated February 28, 2020. *Id.* ¶¶ 12-13.

### III.  DISCUSSION

Under Local Rule 7-9, papers opposing a motion are due served on the movant and filed with the Court "not later than twenty-one (21) days before the date designated for the hearing of the motion." Under Local Rule 7-12, "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition." However, under Fed. R. Civ. P. 56(e)(3), where a party fails to address another party's assertion of fact, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

The Court has reviewed Defendant's Statement of Uncontroverted Facts and the

underlying evidence, and finds that the evidence supports the proffered undisputed facts. The following facts are based on the evidence, as viewed in the light most favorable to Plaintiff as the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his [or her] favor.").

Based on the facts, Defendant cannot be held liable for Plaintiff's injury. "To establish liability on a negligence theory against an owner for injuries caused by a dangerous condition of the property, a plaintiff must prove duty, breach, causation, and damages." *Hall v. Rockcliff Realtors*, 215 Cal. App. 4th 1134, 1139–40 (2013). The same concepts of duty applicable to general negligence claims apply to premises liability claims. *Id.* The California Supreme Court has explained the scope of an owner's duty to visitors regarding dangerous conditions of the property as follows:

> Because the owner is not the insurer of the visitor's personal safety …, the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability. Although the owner's lack of knowledge is not a defense, '[t]o impose liability for injuries suffered by an invitee due to [a] defective condition of the premises, the owner or occupier "must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises….""

*Id.* (quoting *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1206 (2001)) (internal citations omitted). "A store owner exercises ordinary care by making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." *Ortega*, 26 Cal. 4th at 1205. Under California law, if the area where the accident happened was inspected less than 30 minutes before the accident,

1  then there is no triable issue as to notice and the defendant is entitled to summary
2  judgment. *See, e.g.*, *Cardoza v. Target Corp.*, 2018 WL 3357489, at *3 (C.D. Cal.
3  June 22, 2018), *aff'd*, 765 F. App'x 360 (9th Cir. 2019) (explaining that California
4  courts generally "apply a 30-minute threshold for submitting questions of actual
5  notice to a jury," and collecting cases).

6        Here, it is undisputed that Defendant did not have actual notice of the spill on
7  the floor from its employees until after the incident occurred. The Daily Floor-
8  Walk/Safety Inspection form shows that Defendant performed a safety inspection of
9  the store on the day of the incident. (Dkt. No. 24-10.) A store employee performed a
10 safety inspection of the warehouse starting at 10:35 a.m. and ending at 10:50 a.m. and
11 another inspection thereafter starting at 10:50 a.m. and ending at 11:20 a.m. *See* Lam
12 Decl. ¶ 3. The store employee did not record nor observe any potential slipping
13 hazards during her floor inspection. *See id.* ¶¶ 4-5. While Defendant establishes that
14 Plaintiff fell "approximately 14 minutes after the most recent safety inspection had
15 been completed," *see* Mot. at 6 and Lam Decl. ¶¶ 3-5, Defendant has not specified
16 what time the store employee inspected the relevant area. Plaintiff has testified that
17 she did not know how long the liquid had been on the floor and that she did not see
18 the liquid before she fell. *See* Olsen Dep. 24 (Dkt. No. 24-9). It does not appear from
19 the surveillance video that the customer before Plaintiff slipped or hesitated in any
20 way when walking through the aisle. (Dkt. No. 24-5.) There is no competing evidence
21 in the record showing when the spill occurred, how the spill occurred, how long the
22 spill remained on the floor, or whether Defendant could have been aware of the spill
23 through reasonable diligence. Thus, the evidence does not suggest that the spill was
24 present for a long enough period under the circumstances to charge Defendant with
25 constructive knowledge of its existence. *See Ortega*, 26 Cal. 4th at 1209–10. Because
26 Defendant had neither actual nor constructive notice of the spill, it had no duty and
27 cannot be held liable for Plaintiff's resulting injury. Accordingly, "the pleadings, the
28 discovery and disclosure materials on file, and … affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. Defendant is **ORDERED** to file a Proposed Judgment within 7 days of this Order.

The Pretrial Conference and Jury Trial dates are vacated.

**IT IS SO ORDERED.**

Dated: March 1, 2024

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

6.